IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Latasha Lynette Proctor, | ) | C/A No. 5:11-311-JFA-KDW |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | ORDER |
| | ) | |
| Michael J. Astrue, Commissioner of Social Security, | ) ) ) | |
| | ) | |
| Defendant. | ) ) | |

The plaintiff, Latasha Lynette Proctor, brings this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of the final decision of the Commissioner of Social Security denying her claim for Disability Insurance Benefits under Title II of the Social Security Act, 42 U.S.C. §§ 401–433.

The Magistrate Judge assigned to this action[1] has prepared a comprehensive Report and Recommendation wherein she suggests that the Commissioner's decision to deny benefits should be affirmed. The Report sets forth in detail the relevant facts and standards of law on this matter, and the court incorporates such without a recitation.

The parties were advised of their right to submit objections to the Report and Recommendation. The plaintiff's objections to the Report are essentially duplicative of the issues that were presented to and addressed by the Magistrate Judge.

---

[1] The Magistrate Judge's review is made in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02. The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

*Treating Physician's Opinion*

In her objections to the Report, the plaintiff first argues that the ALJ did not actually assign *specific* weight to Dr. Gibson's opinion as the plaintiff contends the ALJ is required to do under SSR 96-2. Rather the ALJ found that the treating physician's opinion was not controlling and great weight was given to the opinions of three State Agency doctors who examined, but did not treat the plaintiff. In her Report, the Magistrate Judge suggests that the ALJ considered and evaluated the evidence as required and that the ALJ's conclusion is supported by substantial evidence. The court concurs with both the reasoning and the result reached by the Magistrate Judge, and thus overrules plaintiff's objection.

*Frequency of Sit/Stand Option*

Next, the plaintiff objects to the Magistrate Judge's conclusion that the ALJ did not err in failing to state at what frequency the plaintiff would have a sit/stand option. The Commissioner concedes that the ALJ did not specify the duration and frequency of the plaintiff's need to shift between sitting and standing. However, the Commissioner argues that the ALJ's decision contained an implicit at will sit/stand option and that the plaintiff waived her rights in regards to SSR 96-9p when plaintiff's counsel did not question the VE in regards to the actual frequency of the sit/stand option. The plaintiff argues that the failure to specify as required under SSR 96-9 is in error and any post hoc rationalization by the Commissioner for the ALJ's failure to follow SSR 96-9p is barred by the *Chenery* Doctrine.[2]

---

[2] *See SEC v. Chenery Corp.*, 318 U.S. 80, 87–88 (1943), emphasizing the fundamental rule of administrative law that a reviewing court, in dealing with a determination or judgment which an administrative agency alone is authorized to make, must judge the propriety of such action solely by the grounds invoked by the agency. Here, the plaintiff did not raise the *Chenery* Doctrine bar in her brief or in her reply to the Commissioner's brief before the Magistrate Judge. She did raise this issue for the first time in her objections to the Magistrate Judge's Report and Recommendation.

At step four, the ALJ determined that the plaintiff has the RFC to perform sedentary work as defined in 20 CFR 404.1567(a). Specifically, the ALJ found that the plaintiff has the ability to lift or carry up to ten pounds occasionally and five pounds frequently; that she can stand and walk for a maximum of two hours each hour of an 8-hour work day, and she can sit for a maximum of six hours out of an eight-hour work day. The ALJ also found that the plaintiff must be allowed a sit/stand option and further found that she was limited to performing simple, routing, and repetitive tasks. Thus, the ALJ found at step four that the plaintiff is not capable of past relevant work and assigned her an RFC of less than the full range of sedentary work.

Social Security Ruling 96–9p states, that the RFC assessment must be specific as to the frequency of the individual's need to alternate sitting and standing. SSR 96–9p applies only to cases where the ALJ must determine the claimant's capability to perform other work where his RFC allows for less than a full range of sedentary work. Likewise, Social Security Ruling 83–12 recognizes that in cases of unusual limitation of ability to sit or stand, a VE should be consulted to clarify the implications for the occupational base. "Unskilled types of jobs are particularly structured so that a person cannot ordinarily sit or stand at will." Therefore, "in cases of unusual limitation of ability to sit or stand, a VE should be consulted to clarify the implications for the occupational base." SSR 83-12.

Although the ALJ noted that plaintiff requires a sit/stand option, there is no further explanation of the sit/stand option, the limits imposed by it, and whether it was "at will." This does not comply with Rule 96-6's requirement of specificity with regard to frequency. Consequently, this court cannot determine if the ALJ's decision on this issue was based upon

substantial evidence. Thus, this issue is remanded to the ALJ for further clarification.

CONCLUSION

Having reviewed the record in light of the plaintiff's objections and under the appropriate standards, the court adopts the Report in part as set forth herein.

It is the duty of the ALJ reviewing the case, and not the responsibility of the courts, to make findings of fact and resolve conflicts in the evidence. This court's scope of review is limited to the determination of whether the findings of the Commissioner are supported by substantial evidence taking the record as a whole, *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996), and whether the correct law was applied," *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002).

After a careful review of the record, including the findings of the ALJ, the briefs from the plaintiff and the Commissioner, the Magistrate Judge's Report, and the plaintiff's objections thereto, this matter is remanded to the Commissioner for further clarification by the ALJ as to the frequency of the plaintiff's need to alternate sitting and standing, and whether this need is "at will."

IT IS SO ORDERED.

Joseph F. Anderson, Jr.

September 5, 2012  
Columbia, South Carolina

Joseph F. Anderson, Jr.  
United States District Judge