IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Latasha Proctor, ) | C/A No. 5:11-311-JFA |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | ORDER ON MOTION |
| ) | FOR ATTORNEY FEES |
| Michael J. Astrue, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

On September 5, 2012, this court reversed the Commissioner's final decision and remanded the case to the Commissioner for further administrative proceedings. Counsel for the plaintiff, Samuel D. Harms, has now moved for attorney's fees under the Equal Access to Justice Act (EAJA) , 28 U.S.C. § 2412(d). He suggests that because the plaintiff is the prevailing party in this action for social security benefits and that because the position of the Commissioner was not substantially justified, attorney fees are appropriate under EAJA. Counsel seeks an award of fees in the amount of $3,598.73, representing 17.4 hours of attorney work at the hourly rate of $173.72 per hour and 6.4 paralegal hours at the rate of $90 per hour.

The Commissioner has filed a memorandum opposing the fee petition suggesting that the government's position in this case was substantially justified.

After carefully reviewing the entire record in this case, including this court's order remanding the action for further proceedings, the court concludes that the Commissioner has

1

met its burden of showing that its position was substantially justified in this case.

After an unsuccessful application for benefits before the ALJ and the Appeals Council, the plaintiff turned to this court with an action seeking judicial review of the Commissioner's decision denying benefits. In accordance with standard procedures in this district, this case was referred to a United States Magistrate Judge who filed a Report and Recommendation suggesting that the decision of the Commissioner denying benefits should be affirmed. Plaintiff took objection to the Report and this court agreed with the plaintiff, rejecting the Magistrate Judge's Report and Recommendation and remanding this action to the Commissioner pursuant to Sentence Four of 42 U.S.C. § 405(g).

Under the EAJA, a court shall award reasonable attorney's fees to a prevailing party[1] in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A) (2010). The government has the burden of proving that its position was substantially justified. *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991). "The government's position must be substantially justified in both fact and law." *Thompson v. Sullivan*, 980 F.2d 280, 281 (4th Cir. 1992). "The Government's position is substantially justified if it is 'justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person.'" *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)).

---

[1] A party who wins remand pursuant to sentence four of the Social Security Act, 42 U.S.C. § 405(g) is a prevailing party for EAJA purposes. *See Shalala v. Schaefer*, 509 U.S. 292, 300–302 (1993). Counsel also attests the plaintiff is an individual whose net worth did not exceed $2 million at the time the action was filed.

The government need not "win to prove its position substantially justified; 'it can be substantially justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact.'" *Cody*, 631 F.3d at 141 (quoting *Pierce*, 487 U.S. at 566 n. 2). "The government's position 'encompass[es] both the agency's prelitigation conduct and the Department of Justice's subsequent litigation position[ ].'" *Crawford*, 935 F.2d at 656–57 (quoting *I.N.S. v. Jean*, 496 U.S. 154, 159 (1990)); see also 28 U.S.C. § 2412(d)(2)(D).

When determining whether the Commissioner's position was substantially justified, the court should avoid an issue-by-issue analysis and should consider the totality of the circumstances. *Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 138–39 (4th Cir. 1993).

The court has carefully reviewed the entire record in this action as a whole, including the Report and Recommendation, and this court's order rejecting the Report. Although this court ultimately agreed with the plaintiff on her basic claim, this court is persuaded that the Commissioner has shown that his position was "substantially justified" in both law and fact. The fact that the Magistrate Judge sided with the Commissioner and this court disagreed with that recommendation clearly illustrates that the legal issue involved was a close one about which reasonable minds could disagree. For this reason, the court must deny the petition for attorney fees (ECF No. 30).

IT IS SO ORDERED.

*Joseph F. Anderson, Jr.*

March 29, 2013                                   Joseph F. Anderson, Jr.
Columbia, South Carolina                   United States District Judge

3